1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| IN THE MATTER OF THE APPLICATION ) | | <u>AFFIDAVIT</u> |
| OF THE UNITED STATES OF AMERICA ) | | |
| FOR A WARRANT AUTHORIZING THE ) | | |
| INSTALLATION AND MONITORING OF ) | | (Fed. R. Crim. P. 41; |
| A TRACKING DEVICE IN OR ON A RED ) | | 18 U.S.C. § 3117) |
| JEEP WRANGLER, KENTUCKY LICENSE ) | | |
| PLATE NUMBER TEMPORARY TAG B979616 ) | | (UNDER SEAL) |

\* \* \* \* \*

Christine McHugh, Special Agent, Drug Enforcement Administration (Affiant), being duly sworn, deposes and states:

## INTRODUCTION

1. I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C) and 18 U.S.C. §§ 2703(c)(1)(A), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a search warrant. I have been a Special Agent with the United States Drug Enforcement Administration (DEA) since 2021. In that capacity, I am authorized to apply for a warrant under Rule 41 of the Federal Rules of Criminal Procedure.

2. I am currently assigned to the Lexington Resident Office (LRO) and have been since August 2021. My current duty assignment includes, but is not limited to, investigating complex drug conspiracies and organizations and individuals involved in the possession of and trafficking in controlled substances. Prior to my current assignment with the DEA, I was a Border Patrol Agent in Ajo, Arizona for three years. I am authorized and have the responsibility

2

to investigate and arrest persons for violations of federal law, involving the unlawful distribution of drugs, (21 U.S.C. § 841(a)(1)), attempt and conspiracy to commit the same (21 U.S.C. § 846), and money laundering, (18 U.S.C. § 1956 and 1957).

3. I submit this Affidavit in support of an Application for an Order pursuant to Federal Rule of Criminal Procedure 41, authorizing agents of the DEA to affix a location tracking device to a red Jeep Wrangler to ascertain its movements in real time [hereinafter referred to as "Requested Information"]. This vehicle is utilized by Gutemburg Orozco. Based on the investigation to date, there is probable cause to believe that the installation of a tracking device on the exterior of the subject vehicle will lead to evidence, fruits, and instrumentalities of the aforementioned crimes as well as to the identification of individuals who are engaged in the commission of those and related crimes. The tracking mechanism to be utilized is a cellular based device protected in a plastic case that will be installed on the exterior of the subject vehicle.

4. I have personally participated in the investigation set forth below. I am familiar with the facts and circumstances of the investigation through my personal participation; from discussions with other DEA agents and other law enforcement; from my discussions with witnesses involved in the investigation; and from my review of records and reports relating to the investigation. Since this Affidavit is being submitted for the limited purpose of securing an Order authorizing the acquisition of the Requested Information, I have not included details of every aspect of the investigation, but only enough to establish probable cause for the issuance of the tracker warrant.

5. Probable cause exists to believe that the Requested Information will constitute or lead

3

to evidence of offenses involving members of the Orozco Drug Trafficking Organization (DTO) (as identified below) as well evidence of the federal criminal offenses including but not limited to conspiracy to possess with intent to distribute and to distribute cocaine in violation of 21 U.S.C. § 846 and 841(a)(1) [hereinafter referred to as "Target Offenses"], as well as the identification of individuals who are engaged in the commission of these offenses.

6. For the reasons set out in this Affidavit, there is probable cause to believe that the Target Offenses have been committed, are being committed, and will continue to be committed by Gutemburg Orozco and others. Furthermore, there is probable cause to believe that Orozco is using the red Jeep Wrangler to facilitate the commission of the Target Offenses.

## Background of Investigation

7. Currently, Gutemburg Agustin Orozco is the target of an investigation by members of the Drug Enforcement Administration (DEA) Lexington, Resident Office (LRO). In July 2023, investigators with the DEA LRO identified Orozco as a high-level narcotics trafficker in Eastern District of Kentucky.

8. In July 2023, a reliable DEA LRO Confidential Source (hereafter, "CS"), working for financial compensation had made a controlled purchase of illegal drugs under the direction of controlling agents. During the purchase of a quantity of narcotics from Gustavo Moreno Mena, a target of this drug trafficking organization, Moreno Mena made a phone call to phone number 859-368-1298, his source of supply, to negotiate future pricing for the purchase of larger quantities of narcotics.

9. A DEA Administrative Subpoena to the service provider for telephone number 859-368-1298 identified that the number is subscribed to be Gutemburg Orozco at 2076 Laverne

4

Court, Lexington, Kentucky.  Investigators conducted a checked of reliable law enforcement databases which revealed Orozco to be associated with 412 Saint John Court, Lexington, Kentucky and 522 Hollow Creek, Lexington, Kentucky. Your affiant is aware narcotic traffickers utilized multiple addresses to avoid detection from law enforcement.

10. In the month of July 2023, members of the DEA LRO conducted surveillance of the locations utilized by Orozco.  During this month, investigators observed multiple vehicles, including a red Jeep Wrangler, white Mustang, red Ford Ranger, and silver Honda CRV, registered and or utilized by Orozco parked in the parking lot of 522 Hollow Creek, Lexington Kentucky.

11. Continuing into the month of August 2023, investigators observed Orozco driving a red Ford Ranger bearing Kentucky Tag 2741EH registered to Gutemburg Orozco at 412 Saint John Court, Lexington, Kentucky.  Investigators observed the vehicle meet with another vehicle in a Walmart parking lot for a short time before continuing to drive from one end of the city to the other end with no purposeful stops.  At the brief Walmart parking lot interaction, Orozco exited the Ford Ranger, approached the window of the other vehicle, and then re-entered the Ford Ranger.  After leaving, Orozco's vehicle maneuvered down side streets, and back on to main roads making surveillance efforts difficult. At this point investigators terminated surveillance.  Your affiant is aware narcotics trafficker travel with no purpose in the attempt to evade surveillance efforts from law enforcement and to conduct counter surveillance maneuvers to observer any potential law enforcement vehicles.

12. Again in the month of August 2023, agents conducted surveillance of Orozco. Investigators observed him enter into a Mustang bearing Kentucky tag 7281JY registered to

5

Gutemburg Orozco at 412 Saint John Court, Lexington, Kentucky. Due to traffic, agents lost visual of the vehicle. However, a review of a state-court-authorized GPS tracking device affixed on Moreno Mena's Nissan Altima was observed by your affiant at 1650 Bryan Station Road, Lexington, a short time after agents lost visual of the Mustang. Agents are aware this location is in close proximately of Orozco's residence on Hollow Creek and Saint John Court.

13. In September 2023, DEA CS made a controlled purchase of illegal drugs under the direction of controlling agents from a target of this investigation, Moreno Mena. During the purchase of a quantity of narcotics from Moreno Mena, members of the DEA LRO observed a silver Honda CRV bearing Kentucky tag D3W743 registered to Gutemburg Orozco at 412 Saint John Court, Lexington, Kentucky meet with Moreno Mena prior to the transaction. Investigators continued to follow the vehicle until it was lost during surveillance efforts. However, the nature of travel of the vehicle and the known locations utilized by Orozco lead investigators relocated the vehicle at 522 Hollow Creek, Lexington, Kentucky. At this point investigators observed the Honda CRV bearing Kentucky tag D3W743 parked and unoccupied at 522 Hollow Creek, Lexington, Kentucky. Subsequently, investigators observed a red Ford Ranger traveling toward Russel Cave Road, Lexington, KY. Shortly after investigators conducted a check of the Lexington Police Department license place reader which revealed the vehicle in the vicinity of Winburn and Russell Cave. Investigators are aware Winburn and Russell Cave are the roads that lead to Hollow Creek and are in close proximity of said address. Your affiant is aware narcotics traffickers will change vehicles in order to avoid detection from law enforcement.

14. In the first week of October 2023, members of the DEA conducted surveillance on

6

Gutemburg Orozco. Orozco was observed utilizing the red Ford Ranger. He parked in a public parking lot, known to be at his place of employment. Approximately 20 minutes later agents observed a vehicle arrive and park behind the Ranger. Orozco was observed approaching his Ranger and obtaining an object, walking over to the other vehicle, reaching into the passenger side window, and then walking back into his place of employment. Later, a white Chevrolet Silverado bearing Kentucky tag 6547JZ arrived at said location and parked directly behind the Ranger. Agents observed Orozco exit his employment and approach the Silverado. Once he was at the vehicle, agents observed him obtain a plastic bag with a white substance from his cargo pants and hand it to the male operating the Silverado. He then placed an unknown item in his cargo pants pocket and returned back to his place of employment. The Silverado then departed the area. A check of a reliable law enforcement database revealed the vehicle is registered to Michael Bolin at 191 Caudill Rd, West Liberty, Kentucky. Agents learned the registration status was cancelled on this vehicle and were unable to identify the driver of the vehicle.

15. In the middle of October 2023, agents observed Orozco arrive at his place of employment utilizing a red Jeep Wrangler bearing a temporary tag B979616. Continuing into November 2023, agents continued to observe Orozco utilizing the red Jeep Wrangler and observed it park at his known residence on 522 Hollow Creek, Lexington, Kentucky.

16. In the first week of November 2023, your affiant observed Orozco arrive at his place of employment in the red Jeep Wrangler. Approximately 15 to 20 minutes into his arrival your affiant observed a white Chevrolet Silverado bearing Kentucky tag 6547JZ park directly behind the red Jeep Wrangler. The driver of the vehicle waited approximately 10 minutes before he approached the driver's side door of the red Jeep Wrangler. Moments later he walked back to the

7

driver's door of the Chevrolet Silverado and departed the area. Subsequently, a male was observed walking from the driver's side door of the red Jeep Wrangler back to his place of employment. Your affiant is aware this was the same white Chevrolet Silverado truck observed in early October 2023 observations made by agents in which Orozco retrieved a plastic bag containing a white substance from his pocket and handed to the driver. Through training and experience your affiant is aware it is common for drug traffickers to meet in public places and conduct quick drug transactions.

17. In the first week of December 2023, your affiant observed the Jeep Wrangler parked at Orozco's place of employment in the same manner it is usually parked there. Approximately 20 minutes after arriving, Orozco was observed exiting his place of employment and approaching the Jeep Wrangler passenger side door. Your affiant then repositioned and observed a white Nissan Altima known to be utilized by Mena parked a few rows behind the Jeep Wrangler. While your affiant was repositioning for better surveillance efforts, which took less than a minute, Orozco must have moved locations because Orozco was then observed exiting the Nissan Altima's passenger side door walking back in the direction of the Jeep Wrangler and door of his employment. The brief interaction inside the white Nissan Altima was consistent, in your affiant's training and experience, with a narcotics transaction, which would be consistent with Orozco's relationship with Mena, who is known to be associated with the white Nissan Altima.

18. Based on this long-term investigation, it has been established that Orozco has and continues to work on behalf of the DTO in facilitating the transportation of drug proceeds and the receipt of illegal drugs here in Lexington, Fayette County, Kentucky in the EDKY. It is anticipated that the Requested Information will yield additional information regarding the other

8

illegal activities in which Orozco participates on behalf of the DTO.

## Authorization Request

19.     Based on the foregoing information, there is probable cause to believe that Gutemburg Agustin Orozco is an active member of a DTO continuing to operate in the area of Lexington, Kentucky. I believe that the Requested Information will provide significant evidence in this ongoing criminal investigation. Specifically, I believe that the GPS on the Target Vehicle will assist in tracking the movements of Orozco, identify his storage location(s) for bulk shipments of illegal drugs, and identify his sources of supply for illegal drugs and his customers for the same. This information may potentially yield additional locations used by Orozco to store unlawful proceeds of narcotics sales, and identify assets which Orozco has derived from the unlawful sale(s) of narcotics. Additionally, the Requested Information will facilitate investigators efforts to conduct surveillance of Orozco and other DTO members without detection.

20.     Based on the foregoing, there is probable and cause to believe that the Requested Information will lead to evidence regarding the criminal activities described above.   The Requested Information is necessary to determine the approximate location of the red Jeep Wrangler so that law enforcement agents can conduct physical surveillance of Orozco and gather further admissible evidence in connection with expected transactions involving controlled substances and money laundering.

21.     To ensure the safety of the executing officers and to avoid premature disclosure of the investigation, it is requested that the court authorize installation and removal of the tracking device during both daytime and nighttime hours. I further request that in the event the subject

9

vehicle is not located at Orozco residence, that law enforcement be permitted to install, repair, replace, and remove the tracking device where the subject vehicle is located, while the subject vehicle is on a publicly accessible property.

22. In the event that the Court grants this application, there will be periodic monitoring of the tracking device during both daytime and nighttime hours for a period of **45 days** following installation of the device. The tracking device may produce signals from inside private garages or other such locations not open to the public or visual surveillance.

23. It is requested that the warrant and accompanying affidavit and application in support thereof, as they reveal an ongoing investigation, be sealed until further order of the Court in order to avoid premature disclosure of the investigation, guard against the flight of fugitives, and better ensure the safety of agents and others, except that copies of the warrant in full or redacted form may be maintained by the United States Attorney's Office, and may be served on special agents and other investigative and law enforcement officers of the DEA, federally deputized state and local law enforcement officers, and other government and contract personnel acting under the supervision of such investigative or law enforcement officers, as necessary to effectuate the warrant.

24. In accordance with 18 U.S.C. 3103(a)(b) and Federal Rule of Criminal Procedure 41(f)(3), I request that the warrant delay notification of the execution of the warrant for a period **not to exceed 30 days** after the end of the authorized period of tracking (including any extensions thereof) because there is reasonable cause to believe that providing immediate notification would seriously jeopardize the investigation.

**Conclusion**

10

25. WHEREFORE, I respectfully request that the Court issue a warrant authorizing members of DEA LRO or their authorized representatives, including but not limited to other law enforcement agents and technicians assisting in the above-described investigation, to install a tracking device in or on the subject vehicle within the Eastern District of Kentucky within 14 calendar days of the issuance of the requested warrant, and to remove said tracking device from the subject vehicle after the use of the tracking device has ended; to surreptitiously enter and/or move the subject vehicle to effect the installation, repair, replacement, and removal of the tracking device; and to monitor the tracking device, for a period of 45 days following the issuance of the warrant, including when the tracking device is inside private garages and other locations not open to the public or visual surveillance, both within and outside the Eastern District of Kentucky.

/s/ Christine McHugh
Christine McHugh, Special Agent
Drug Enforcement Administration

Transmitted by email and attested to by the applicant by reliable electronic means, specifically, telephone, in accordance with Fed. R. Crim. P. 4.1, this __13__ day of __December__, 2023.

HON. MATTHEW A. STINNETT
UNITED STATES MAGISTRATE JUDGE